UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRADLEY W. FOSTER,

    Plaintiff,

v.

ROSS LITMAN and
MARK PHINNEY,

    Defendants.

Case No. 19-cv-260 (JNE/ECW)

**ORDER**

This matter is before the Court on Plaintiff Bradley W. Foster's ("Foster" or "Plaintiff") Motion to Request Court to Compel Defendants' Compliance with Discovery Under the Fed. R. Civ. P. 26(b)(1) (Dkt. 36); Plaintiff's Motion to Request Court Hold Hearing and/or for Expanded Discovery Under the Fed. R. Civ. P., Rules 26(b)(2)(A) and 33(a)(1) (Dkt. 39); and Plaintiff's Motion Request for Modification of the Scheduling Order to Extend Discovery Time and Request for Hearing (Dkt. 58).

## I. MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH DISCOVERY (DKT. 36)

### A. Factual and Procedural Background

The present action relates to Plaintiff's claims under 42 U.S.C. § 1983 for Defendants' alleged violations of his Constitutional rights and various state law claims related to injuries he is alleged to have sustained as part of his transport in a vehicle he describes as a "Paddy-Wagon" (hereinafter "vehicle") while restrained by a "Black Box Restraint System" ("BRS") on August 3, 2015. (*See* Dkt. 1.)

Plaintiff initially brought a Motion for Accommodation, seeking an Order from this Court to require Defendants to serve his responsive documents related to discovery in electronic format, including that all photographs be sent in Joint Photographic Experts Group ("JPEG") format or other comparable format. (Dkt. 14.) Based on the Defendants' agreement to produce any discovery photographs in JPEG format or a comparable electronic format and any other discovery documents in Portable Document Format ("PDF") or a comparable electronic format, the Court denied the Motion for Accommodation as moot. (Dkts. 20, 34.)

Plaintiff appears to have served two documents requests on Defendants. The first request ("First Request") is as follows:

> Plaintiff, acting under Rule 34, hereby requests Defendants' make available: paper documents, records, emails, invoices and related data to Plaintiff. This request is within the scope of Rule 26(b).

(Dkt. 37 at 2.) Defendants objected to this request on the following bases: that the Request does not describe with reasonable particularity each item or category of items to be produced, as required under Fed. R. Civ. P. 34; to the extent that it seeks documents covered by a privilege; because it seeks information not relevant to the claims and defenses in the present case; and because the information sought is not proportional to needs in this case. (*Id.* at 1-2.) The second disputed request ("Second Request") is as follows:

> Plaintiff requires, with regard to Defendant vehicle No. 579, in Defendants lawful possession at all times relevant to this case, to produce the following items in the Defendant's possession, custody, or control: any and all documents or electronically stored information-including, writings, vehicle order sheet, invoices, logs, accident reports, maintenance logs and/or records,

> specialized equipment order sheets and invoices, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations—stored in any medium from which information can be obtained either directly into a reasonably usable form; or any designated tangible things; or permit inspection of vehicle number 579 possessed or controlled by the Defendants, so Plaintiff may inspect, measure, photograph, test, or inspect the vehicle and/or the designed operation of equipment on the vehicle.

(*Id.* at 3.) Defendants represented that they had produced all documents concerning the transport at issue, as well as photographs of the interior and exterior of the transport vehicle at issue. (*Id.* at 4.) Otherwise, Defendants objected to this request to the extent that it seeks documents covered by a privilege, because it seeks information not relevant to the claims and defenses in the present case, and because the information sought is not proportional to the needs of this case. (*Id.* at 3-4.)

It appears that Defendants have produced approximately a total of 35 pages of documents (SLC 1-SLC 35). (Dkt. 37 at 1; Dkt. 44-4.) These documents are comprised of a Court Order related to Plaintiff's transport, two pages of what appear to be the transport logs, a letter from Plaintiff to the St. Louis County Sherriff's Office asking for the name and badge number of the deputy in charge of Plaintiff's transport along with any reports filed concerning the transport, a responsive letter from the St. Louis County Sherriff's Office enclosing the transport log, providing the name and badge number, and stating no reports were filed, and 30 pages of pictures of the exterior and interior of a transport vehicle. (Dkt. 44-4.)

In addition, Defendants objected to producing all graphic based information on Portable Network Graphic format as opposed to the JPEG format that Plaintiff initially

3

sought and received via agreement from Defendants as the result of motion practice. (Dkt. 37 at 4.)

**B.     Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While Rule 26 contemplates a liberal scope of discovery, this Court "possess[es] considerable discretion in determining the need for, and form of, discovery. . . ." *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 949 (D. Minn. 2015) (citations omitted).

Further, not only must information sought in discovery be relevant, it must also be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "In determining proportionality, courts consider numerous factors, including 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, and importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Beseke v. Equifax Info. Servs., LLC*, No. 17-CV-4971-DWF-KMM, 2018 WL 6040016, at *3 (D. Minn. Oct. 18, 2018). To this end, a court upon a motion or on its own "must" limit discovery, when the discovery is "unreasonably cumulative or

4

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or if the discovery is outside of the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

**C.     Analysis**

Defendants assert that the Motion to Compel should be denied because Plaintiff failed to meet and confer prior to bringing the present motion. Local Rule 37.1 provides in relevant part that a motion to compel must comply with the following:

> (a) any certification required by a federal or local rule that the movant has in good faith conferred or attempted to confer with the party failing to act;
>
> (b) a specification of the disclosure or discovery in dispute;
>
> (c) the text (which may appear in an exhibit to which the motion or memorandum refers) of any interrogatory, request, question, or notice in dispute, together with each answer, response, or objection to any such interrogatory, request, question, or notice;
>
> (d) a concise statement of why the disclosure, answer, response, production, or objection is insufficient, evasive, incomplete, or otherwise improper;
>
> . . . and
>
> (f) the remedy sought, together with an argument for why the requested remedy is authorized and justified.

D. Minn. LR 37.1. As far as this Court can discern, Plaintiff served two requests and Defendants only appear to have produced documents pertinent to the more specific Second Request. (*See* Dkt. 44-3.) It is unclear from Plaintiff's motion if he is moving to

5

compel information as to the First Request.[1]  Even if Plaintiff is also moving to compel documents responsive to the First Request, he has not engaged in the required meet-and-confer and has not provided the Court with any indication as to what documents he was expecting from Defendants.  Plaintiff stated that "[r]ather than make legal arguments about the unreasonable and time consuming objections of the Defendants, Plaintiff asks the Court to review the included documents in question; included herein by Affidavit for the Court's review; and then draw it's [sic] own conclusions."  (Dkt. 36 at 3.)  The Court will not come up with arguments on behalf of Plaintiff.  If Plaintiff has issues with respect to Defendants' response to the First Request, he needs to at least attempt to engage in a good-faith meet-and-confer with Defendants, via letter, to set forth what documents he is seeking by way of the First Request,[2] and if there is no agreement, then bring a motion to compel that complies with Local Rule 37.1 as set forth above.[3]  *See Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("Bunch's status as a pro se litigant did not excuse her from following the local rules.") (citing *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)).  That said, the

---

[1]  The Court notes that Defendants treated them as two separate requests.  (Dkt. 37.)

[2]  Plaintiff claims that he engaged in a telephonic meet-and-confer with Defendants in May 2019, where Defendants allegedly stated they were not interested in discussing discovery.  (Dkt. 52 at 1-3.)  However, even if this is true, this telephonic conference is an inadequate meet-and-confer given that it occurred before the parties even initiated discovery and before the Defendants responded to his Requests.

[3]  Plaintiff has access to the Local Rules as is evidenced by the fact that he relies upon them in at least one his motions before the Court.  (*See* Dkt. 55.)

6

Court expects Defendants to also engage in good faith as it relates to a meet-and-confer with respect to the First Request. The Court is concerned that Defendants have only produced approximately 35 pages of documents in this case, consisting primarily of pictures of the vehicle at issue, especially considering that the main thrust of the claims in the Complaint appear to involve the alleged injury to Plaintiff due to the use of the BRS.

With respect to the Second Request, Defendants assert that it has the following information with respect to the vehicle and transports: the title of the vehicle; the owner's manual with respect to the vehicle; records concerning St. Louis County's purchase of the vehicle in 2014; records concerning St. Louis County's maintenance of the vehicle; and transport logs for "all or nearly all transports completed" since the vehicle was purchased. Defendants contend that this information is not relevant to the claims at issue in this case and not proportional to the needs of the case.[4]

Here, the claims related to the vehicle at issue focus on allegations that it was a marked vehicle, with no cushioned seats, with a slippery metal bench making it difficult for Plaintiff to prevent himself from falling, had no seatbelts or other safety features, and had no windows, or adequate light. (*See* Dkt. 1 ¶¶ 15, 36.) The vehicle order sheet, invoices, logs for transports other than the transport at issue, accident reports, maintenance logs and/or records, specialized equipment order sheets, and invoices

---

[4] Defendants also argue that the motion to compel should be denied without prejudice because Plaintiff failed to meet and confer prior to bringing the motion. While the Court warns Plaintiff that future motions to compel should not be brought prior to at least attempting to meet and confer and the failure to do so may well result in denial of the motion, the Court will not deny this motion on this basis, as it does not appear that the parties would be able to work out their differences with respect to the dispute at issue.

requested have no bearing on this case except to the extent that they relate to the safety features (such as seat belts) or lack thereof. As such, to the extent that Defendants have any documentation related to the safety features of the vehicle at issue (which appears to be Vehicle 579), they should be produced to Plaintiff. In addition, Plaintiff is entitled to any accident records related to Vehicle 579. To the extent that Defendants do not have any such documents they shall notify Plaintiff of the same in writing. Otherwise, the information sought by the Second Request is not reasonably likely to lead to the discovery of relevant evidence and is not proportional to the needs of the case, especially in light of the extensive photographic evidence of the exterior and interior of Vehicle 579 produced by Defendants.

As to the format of the photographic evidence, Plaintiff has not set forth why he needs Portable Network Graphic format to view the photographs that were produced, as opposed to the JPEG format that he initially sought and received via agreement from Defendants as the result of motion practice. As such, the Court denies this request.

## II. MOTION TO REQUEST COURT HOLD HEARING AND/OR FOR EXPANDED DISCOVERY (DKT. 39)

Plaintiff served one set of Interrogatories comprised of 26 interrogatories on St. Louis County Sheriff Ross Litman, and another set of Interrogatories comprised of 18 interrogatories on former St. Louis County Deputy Sheriff Mark Phinney. (Dkts. 47-2, 47-3.) Defendants responded by refusing to answer any of the interrogatories on the ground that Plaintiff's 44 total interrogatories exceeded the maximum number of interrogatories allowed by this Court's April 25, 2019 Pretrial Scheduling Order. (Dkt.

47-4.) Defendants invited Plaintiff to pick 25 of the 44 interrogatories for them to answer. (*Id.*) Plaintiff brought the present motion seeking an order for unlimited interrogatories and requests for admissions on the following basis:

> Because Plaintiff is institutionalized, not physically able to move from place to place; and because depositions will be exceedingly difficult in this case, Plaintiff requests expanded and unlimited ability to inquire through written "Interrogatory" sets; and unlimited ability to ["]Requests for Admissions" in this matter. Without such Order, and as demonstrated by opposing counsel's objections, Plaintiff will be prejudiced if he is not allowed to conduct a thorough, liberal, and vigorous discovery regime before and after depositions in preparation for trial in this matter.

(Dkt. 39.)

Defendants argue that the motion should be denied because Plaintiff failed to meet and confer prior to bringing the motion[5] and because he has not shown the requisite good cause to amend the pretrial scheduling order to allow for unlimited interrogatories and requests for admissions. (Dkt. 46.)

The Court set forth the following discovery limitations in this case:

1. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

2. No Rule 35 Medical Examinations are permitted in this matter without first obtaining leave of the Court.

3. Pursuant to the Court's authority under Federal Rule of Civil Procedure 26 to limit discovery, no depositions are permitted in this matter without first obtaining leave of the Court.

---

[5] The Court will not deny the motion on this basis as it does not appear that the parties would able to work out their differences with respect to the dispute at issue. Again, Plaintiff is cautioned that the Court may in the future deny motions to compel if he does not make a good-faith effort to meet and confer with Defendants.

(Dkt. 13 at 2.)

Plaintiff asserts that he "honestly believed" that each set of interrogatories equaled one interrogatory and says he would have objected to the pretrial scheduling order "had he known it restricted him to 25 total inquiries." (Dkt. 53 at 2.) In a proposed amended scheduling order, Plaintiff seeks 50 interrogatories per Defendant. (Dkt. 59.)

"In practical terms, a party seeking leave to take more depositions, or to serve more Interrogatories, than are contemplated by the Federal Rules or by the Court's Scheduling Order, must make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999); *see also Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996) (where plaintiff "presented no good reason why additional depositions were necessary . . . [t]he district court committed no abuse of discretion" in denying leave to do so). Here, the Court has issued a Report and Recommendation recommending that Plaintiff's claims against Sheriff Litman be dismissed on several grounds (Dkt. 62), which, to the extent U.S. District Judge Joan N. Ericksen adopts that recommendation, means that Sherriff Litman will not be required to answer the interrogatories served on him. Plaintiff has only served 18 interrogatories on Deputy Phinney to date. (Dkt. 37 at 18-28.) Moreover, there are no set limitations on requests for production of documents and requests for admissions. At this point, it appears that Plaintiff has adequate discovery to prosecute his claims, and he has not shown why he needs more interrogatories than the 25 permitted

and the 7 remaining.[6] The Court therefore denies without prejudice Plaintiff's request for additional interrogatories.

### III. PLAINTIFF'S REQUEST FOR MODIFICATION OF THE SCHEDULING ORDER (DKT. 58)

Plaintiff seeks an additional 180-day discovery period due to "deficits caused by the defendants' willful actions to thwart the litigation process by not complying with discovery requests." (Dkt. 58 at 2.) Defendants do not oppose an extension.

On November 1, 2019, the Court issued an Order stating that it would be issuing a new scheduling order after the Court ruled on Defendants' Motion for Partial Judgment on the Pleadings. The Court finds there is good cause to provide Plaintiff with additional time to conduct discovery based on the delays caused by motion practice, which bear on the scope of discovery in this action, and will issue a new scheduling order in view of that finding.

### IV. ORDER

Based on the files, records, and proceedings herein,

**IT IS ORDERED THAT:**

1. Plaintiff's Motion to Request to Compel Defendants' Compliance with Discovery Under the Fed. R. Civ. P. 26(b)(1) (Dkt. 36) is **GRANTED** in part and **DENIED** in part. Defendants will be required to produce documentation related to the

---

[6] Plaintiff's asserted misunderstanding as to the meaning of the limitation "No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side" does not demonstrate that he needs more than 25 interrogatories, particularly in view of the Court's recommendation that the claims against Sherriff Litman be dismissed. Plaintiff may, however, withdraw the 18 interrogatories served on Deputy Phinney and serve a new set, not to exceed 25 interrogatories, instead.

11

safety features of Vehicle 579 and any accident records related to Vehicle 579.  The Motion is otherwise denied.

2. Plaintiff's Motion to Request Court Hold Hearing and/or for Expanded Discovery Under the Fed. R. Civ. P., Rules 26(b)(2)(A) and 33(a)(1) (Dkt. 39) is **DENIED** without prejudice.

3. Plaintiff's Motion Request for Modification of the Scheduling Order to Extend Discovery Time and Request for Hearing (Dkt. 58) is **GRANTED** insofar as the Court will issue a separate amended pretrial scheduling order extending the time for fact discovery.

DATED: January 3, 2020 *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge