## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BRADLEY W. FOSTER,                                   Case No. 19-cv-0260 (JNE/ECW)

        Plaintiff,

    v.                                                        **ORDER**

ROSS LITMAN and MARK PHINNEY,

        Defendants.

This matter is before the Court on (1) Plaintiff's Motion to Appoint Counsel from the Federal Bar Association (Dkt. 84) and an identical filing (except for the filing date) (Dkt. 102) (collectively, "Motion to Appoint Counsel") and (2) Plaintiff's Second Motion Request for Modification of the Scheduling Order to Extend Discovery Time and Request for Hearing (Dkt. 85) and an identical filing (except for the filing date) (Dkt. 100) (collectively, "Motion to Extend").  For the reasons stated below, the Motion to Appoint Counsel and Motion to Extend are denied.

## I.        BACKGROUND

The present action was initiated by Plaintiff Bradley W. Foster ("Plaintiff") on February 4, 2019. (*See* Dkt. 1.)  Plaintiff is a committed person in the Minnesota Sex Offender Program ("MSOP") at the MSOP facility in Moose Lake, Minnesota.  (*Id.* ¶¶ 8, 11.)  Plaintiff asserted claims arising under 42 U.S.C. § 1983 for Defendants' alleged violations of his Constitutional rights and various state law claims related to injuries he is

alleged to have sustained as part of his transport in a vehicle to a St. Louis County court proceeding while restrained by a "Black Box Restraint System" on August 3, 2015.  (*Id.*)

On April 2, 2019, the Court issued a Scheduling Order setting October 28, 2019 as the discovery deadline in this matter.  (Dkt. 13 at 2.)  In addition, the Scheduling Order provided as follows:

> Pursuant to the Court's authority under Federal Rule of Civil Procedure 26 to limit discovery, **no depositions are permitted in this matter without first obtaining leave of the Court**.

(Dkt. 13 at 2 (emphasis added).)

In May of 2019, Plaintiff served interrogatories and a request for the production of documents on Defendants (Dkt. 37), which were the subject of motions to compel brought by Plaintiff in July 2019 (Dkts. 36 & 39).  Contrary to Plaintiff's assertion that he is awaiting a ruling on these motions (Dkt. 85 at 2; Dkt. 100 at 2), the Court decided these motions by granting in part some the relief requested on January 3, 2020 (Dkt. 63). While the July 2019 motions sought the expansion of the number of interrogatories, the motion did not seek any relief with respect to depositions.

Plaintiff also previously requested an expansion of the discovery period in this case (Dkt. 58), which this Court granted on January 3, 2020 (Dkt. 63).  The Court extended the original discovery cutoff date from October 28, 2019 (Dkt. 13) to April 30, 2020 (Dkt. 64).  This Court found there was good cause for an extension "based on the delays caused by motion practice, which bear on the scope of discovery in this action, and [] issue[d] a new scheduling order in view of that finding."  (Dkt. 63.)  However, the Amended Pretrial Scheduling Order explicitly provided that the other discovery

limitations of the original Scheduling Order, including the limitation on depositions, remained in effect.  (Dkt. 64 at 3.)

Since the extension of the fact discovery period, significant developments in this case include the dismissal of all of Plaintiff's claims except his Fourteenth Amendment claims against Defendant Mark Phinney and Sheriff Ross Litman (Dkts. 62, 72), denial of Plaintiff's Motion for Leave to File First Amended Complaint on May 29, 2020(Dkt. 83), and Defendants' motion for summary judgment on all remaining claims filed on June 30, 2020 (Dkt. 88).  Since the issuance of the Amended Scheduling Order on January 3, 2020 (Dkt. 64), Plaintiff does not appear to have engaged in any further discovery related activity or investigation (Dkt. 106 ¶ 2).

Plaintiff moved to extend the schedule for a second time in two identical motions dated June 25, 2020, and docketed on June 29, 2020 (Dkt. 85) and July 1, 2020 (Dkt. 100), the day before and the day after Defendants filed their motion for summary judgment (Dkt. 88).  Plaintiff asks the Court to extend the discovery period by an additional 90 days beginning from when the MSOP facility reopens to visitors due to physical restrictions induced by the response to the COVID-19 pandemic, because he lacks the opportunity to conduct depositions, because he has had difficulty engaging in effective communication with opposing counsel, due to the "closure of the Court," and due to a "continual endeavor to thwart the litigation process by defendants' noncompliance with discovery requests." (*See* Dkts. 85 & 100.)  Plaintiff also seeks a telephonic hearing on his request.  (Dkt. 85 at 1; Dkt. 100 at 1.)

Defendants argue that Plaintiff's Motion to Extend should be denied on several grounds, including because it is untimely and because Plaintiff fails to establish good cause for amending the schedule.  (Dkt. 105 at 5-6.)  Defendants assert that the reasons set forth by Plaintiff in his Motion to Extend do not establish good cause for amendment of the schedule because his claims are generally unfounded.  (See *id.* at 3-4.)  Furthermore, Defendants state Plaintiff's assertion that he has not had the opportunity to conduct depositions would require obtaining leave of the Court to take depositions, which Plaintiff has not sought in this case. (*Id.* at 5.)

Plaintiff filed his Motion to Appoint Counsel at the same time as when he filed his Motion to Extend.  (Dkts. 84 & 102.)  Plaintiff seeks appointment of counsel due to his "physical restriction" resulting from the COVID-19 pandemic, which began on March 13, 2020 and medical quarantine from March 3, 2020 to March 13, 2020, during which he claims he had no access to computer, telephone, mail, or other forms of communication.[1]  (Dkt. 84 at 1; Dkt. 102 at 1.)  Plaintiff did not assert that the lockdown in response to the COVID-19 pandemic, which is a "modified unit lockdown," limited his ability to communicate outside of the MSOP facility.  Plaintiff states he had been told the lockdown will continue until September and could extend until the end of the 2020 calendar year.  (*Id.*)  Plaintiff claims these restrictions limit his ability to effectively

---

[1]     The Court notes that while Plaintiff claims he was "without computer, telephone, mail, or any other forms of communication" between March 3 and March 13, 2020 (Dkt. 84 at 1; Dkt. 102 at 1), he mailed a Certificate of Service to the Court on March 9, 2020 (postmarked March 11, 2020) that stated that he was able to mail a brief to counsel for Defendants also on March 9, 2020—i.e., during the period he asserts he did not have access to mail (*see* Dkts. 82, 82-2).

prosecute this matter, citing an inability to conduct discovery-related activities such as depositions and obtaining records from manufacturers.  (*Id.*)

On June 30, 2020, Defendants filed a motion for summary judgment seeking dismissal of all remaining claims.  (Dkt. 88.)  On July 1, 2020, the Court set a briefing schedule on Plaintiff's Motion to Extend and Defendants' summary judgment motion.  (Dkt. 99.)  Briefing is now complete on Plaintiff's Motion to Extend.  (*See* Dkt. 105.  Plaintiff's opposition to Defendants' summary judgment motion and supporting materials were docketed on July 29, 2020.  (Dkts. 108-109.)   Defendants' reply in support of their summary judgment motion is currently due on August 21, 2020.  (*Id.*)

## II.   <u>MOTION TO EXTEND</u>

### A.   **Legal Standard for Modification of a Scheduling Order**

Rule 16(b)(4) provides that "[a] schedul[ing order] may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Minnesota Local Rule 16.3(b)(1) similarly establishes that a moving party meet a "good cause" standard in order to modify a scheduling order.  D. Minn. LR 16.3(b)(1).  Moreover, Minnesota Local Rule 16.3 requires specificity in the request to amend a scheduling order's deadlines, entailing a description of what discovery remains to be completed, the discovery that has been completed, and why all discovery has not yet been completed.  *See* D. Minn. LR 16.3(c)(1)-(4).  These boundaries have been set to ensure that "[a] magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (quoting *Gestetner Corp. v.*

*Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).  Accordingly, "nothing limits the Court's broad discretion in establishing and enforcing the deadlines in the scheduling order." *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) (internal quotations omitted); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

Pursuant to Rule 16(b)(4), "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).  "[T]he 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot be reasonably met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (citing *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D. Minn. 2000)).  "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008).

**B.    Analysis**

Plaintiff argues that the good cause required by Federal Rule of Civil Procedure 16(b)(4) for an extension exists and claims that an extension would be in the "interest of justice." (Dkt. 85 at 1; Dkt. 100 at 1.)  Plaintiff appears to ground his good cause argument in extenuating circumstances relating to the ramifications of the COVID-19 pandemic, such as physical restrictions and lack of visitors due to the MSOP facility

lockdown, "closure of the Court," and "deficits caused by the COVID-19 scare." (*See id.*)  Plaintiff also points to an unexplained noncompliance of opposing counsel in his need for an extended discovery period.  (Dkt. 85 at 1; Dkt. 100 at 1.)  Additionally, Plaintiff asserts a longer discovery period is necessary on the ground that Plaintiff's Motion to Request Court to Compel Defendants' Compliance with Discovery under the Fed. R. Civ. Pro. 26(B)(1) (Dkt. 36) is still pending.

The Court first notes, as set forth above, that the Court granted in part and denied in part Plaintiff's Motion to Request Court to Compel Defendants' Compliance with Discovery under the Fed. R. Civ. Pro. 26(B)(1) (Dkt. 36) in an Order issued on January 3, 2020.  (*See* Dkt. 63.)  Thus, any additional extension is not warranted on this basis. There is no assertion that Defendants have failed to comply with the January 3 Order, and nothing in the docket indicates that Plaintiff did not timely receive the January 3 Order.

As to Plaintiff's reliance on the "closure of the Court," while certain in-person proceedings were suspended due to the COVID-19 pandemic, the District of Minnesota was never closed due to the pandemic.  *See* General Order in re: Court Operations Under the Exigent Circumstances Created by COVID-19 (March 13, 2020) ("The United States Courthouses in Minneapolis, St. Paul, Duluth, and Fergus Falls will remain open for business, subject to [limitations relating to jury trials and criminal proceedings].").  Accordingly, the asserted "closure of the Court" did not occur and does not justify an extension.

The Court turns to the existing schedule.  The deadline for fact discovery in this case was originally October 28, 2019 (Dkt. 13), which the Court extended to April 30,

2020 (Dkt. 64).  The deadline for all non-dispositive motions, "including those that relate to discovery and the discovery period," was May 29, 2020.  (*Id.*)  Plaintiff did not seek an additional extension until June 29, 2020 (Dkt. 85).  Accordingly, Plaintiff's request falls on the eve of summary judgment, a month after the deadline to bring non-dispositive motions (including those relating to the schedule), nearly two months after the extended discovery deadline of April 30, 2020, and approximately six months after the Court extended the schedule at Plaintiff's request on January 3, 2020.  (*See* Dkt. 63.)  It appears Plaintiff has not taken any meaningful action to prosecute his case and conduct fact discovery between the January 3 Order extending the schedule and the April 30, 2020 close of discovery.  (Dkt. 106 ¶ 2.)

Moreover, to the extent Plaintiff relies on the COVID-19 pandemic, he has not explained why he did not engage in any discovery between January 3, 2020 and March 13, 2020—the date the lockdown at the MSOP facility began in response to the COVID-19 pandemic.[2]  (Dkt. 85 at 1; Dkt. 100 at 1.)  The lockdown would not have affected Plaintiff's discovery efforts until mid-March, and does not excuse his apparent inaction

---

[2]     Plaintiff's Motion to Appoint counsel indicates he was in medical quarantine and restricted to his room without a computer, telephone, mail, or any other forms of communication from March 3, 2020, to March 13, 2020.  (Dkt. 84 at 1; Dkt. 102 at 1.)  As discussed in footnote 1, the record demonstrates that Plaintiff was in fact able to mail documents while in medical quarantine.  Further, this 10-day quarantine period does not explain Plaintiff's failure to engage in discovery before March 3, 2020, or after he was released from medical quarantine on March 13, 2020.  Again, there is no evidence that Plaintiff was unable to engage in written discovery or make requests of the Court due to the COVID-19 pandemic, and as Plaintiff was able to bring his motions at the end of June 2020, it appears the ongoing lockdown did not prevent him from seeking discovery or relief earlier.

prior to this time.  Further, as Defendants point out, Plaintiff has not explained how, if at all, the lockdown has impeded his ability to conduct written discovery or, for that matter, request any relief from the Court (*i.e.* via the mail).  Further, while Plaintiff focuses on the need to extend discovery to take depositions, he never sought permission of the Court to take any depositions—which the scheduling orders required him to do—and still had not demonstrated that any depositions are necessary.[3]  (*See* Dkt. 13 at 2.)

Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses . . . which commonly undergird an untimely Motion to Amend."  *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 n.1 (D. Minn. 2000) (citations omitted).  Based on the record before the Court, Plaintiff did not act diligently with respect to discovery so as to warrant an extension of time for discovery.  It may have been different had Plaintiff provided evidence that he had diligently conducted discovery before the pandemic, and continued to attempt to conduct discovery through the extended fact discovery period but was thwarted as the result of the pandemic, or had Plaintiff provided specifics as to the alleged "noncompliance with discovery requests" by Defendants or how the lockdown impeded his discovery efforts.  However, no such evidence is before the Court.  As such, the Court finds that Plaintiff

---

[3]     Plaintiff also failed to comply with Local Rule 16.3's requirements of providing a specific description of what discovery remains to be completed (outside of a general assertion of needing to take depositions of unnamed individuals) or what discovery has been completed.  *See* D. Minn. LR 16.3(c)(1)-(4).

has failed to demonstrate the requisite good cause to warrant an extension of the discovery deadlines in this case.[4]

For all of these reasons, Plaintiff's Motion to Extend is denied.

### III.   MOTION TO APPOINT COUNSEL

As described above, Plaintiff seeks appointment of counsel primarily due to conditions resulting from the COVID-19 pandemic, which he asserts will continue at least until September 2020 and possibly until the end of 2020. (Dkts. 84 & 102.) He identifies his "physical restriction" as a result of the COVID-19 pandemic response, beginning on March 13, 2020, and his medical quarantine from March 3, 2020 to March 13, 2020. (*Id.*) Plaintiff claims these restrictions limit his ability to effectively prosecute this matter, citing an inability to conduct discovery-related activities. (*Id.*)

In civil proceedings, there is no constitutional nor statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Here, Plaintiff appears to be seeking appointment of counsel from the District of Minnesota Federal Bar Association's Pro Se Project. (*See* Dkt. 84 at 1 ("Plaintiff requests [the] Court to appoint counsel from the Federal Bar Association . . . ."); Dkt. 102 at 1 (same).) "[T]he Court has no obligation to refer a pro se litigant to the Pro Se Project." *Rickmyer v. ABM Sec. Servs., Inc.*, No. CV 15-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016) (denying motion for referral to the FBA Pro Se Project framed as ADA accommodations request), aff'd, 668 F. App'x 685 (8th Cir. 2016); *see also Issaenko v.*

---

[4]     In view of the record, the Court concludes that a hearing on Plaintiff's request for a schedule extension is unnecessary.

*Univ. of Minnesota*, No. 13-cv-3605 (JRT/SER), 2016 WL 8198306, at *9 (D. Minn. Jan. 25, 2016) ("[Plaintiff] argues the 'Court has refused to refer this case to the Early Settlement Conference program and allow additional time [for] Plaintiff to respond to Defendant[s'] Motion, as requested by a volunteer attorney acting for Plaintiff through the Pro-Se Project.' Civil litigants have no constitutional right to counsel, and therefore, [Plaintiff] is not entitled to a referral to the Early Settlement Conference Program."), *R&R adopted*, No. CV 13-3605 (JRT/SER), 2016 WL 1271470 (D. Minn. Mar. 31, 2016).

However, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Relevant factors in determining whether appointment of counsel is appropriate are the factual complexity of the case, the complexity of the legal arguments, the ability of the litigant to present his claims, and whether both the parties and the Court would benefit from the indigent being represented by counsel. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

In this case, the Court finds that neither the facts nor legal issues are overly complex such that appointment of counsel would be warranted. Plaintiff also has

demonstrated he possesses the threshold ability to articulate claims and argue his position.  Plaintiff has filed a number of pleadings seeking relief on his behalf throughout the course of this proceeding.  (See, *e.g.,* Dkts. 14, 36, 39, 55, 58, 65, 68, 85.)  Further, the reasons Plaintiff lists in his Motion to Appoint Counsel as to why appointment of counsel is necessary are not persuasive.  In particular, Plaintiff claims an inability to conduct discovery related matters related to this case.  However, as discussed above, discovery closed on April 30, 2020 (Dkt. 64), and Plaintiff has not shown good cause for an extension of that deadline.  Plaintiff's request for appointment of counsel was filed on June 29, 2020, approximately two months past the deadline for discovery established by the Amended Scheduling Order, and, as discussed above, nothing in the record suggests that Plaintiff tried to engage in discovery between January 3, 2020 and when his medical quarantine began on March 3, 2020 or the pandemic-related lockdown began on March 13, 2020.  Plaintiff has not identified any discovery he would have served or motions he would have brought if he had been represented by counsel during the fact discovery period.  In view of these facts, and the Court's denial of the Motion to Extend due to his failure to show diligence, there is no reason to appoint counsel to assist Plaintiff with discovery.

Additionally, Plaintiff identifies a lack of access to resources due to the response to COVID-19 and difficulty communicating with the Court as reasons for the appointment of counsel.  (Dkts. 84 & 102.)  The Court has not observed any notable issues that have hindered Plaintiff's ability to adequately advocate for himself thus far. Indeed, Plaintiff's submissions in this matter demonstrate his ability to communicate

effectively with the Court.  Plaintiff has not identified any discovery he was unable to serve or motions he was unable to file due to the lockdown, and the fact that Plaintiff was able to file his Motion to Extend and Motion to Appoint Counsel while on lockdown (not to mention other documents in March 2020) suggests that the pandemic has not impeded his ability to prosecute his case such that appointment of counsel is warranted.

For all of these reasons, Plaintiff's Motion to Appoint Counsel is denied.

## IV.   SUMMARY JUDGMENT BRIEFING

The Court turns to Plaintiff's opposition to Defendants' summary judgment briefing.  Plaintiff's opposition was signed July 24, 2020, postmarked July 27, 2020, and was docketed July 29, 2020 (*see* Dkts. 108 at 15, 108-4), several days before the August 7 deadline set by the July 1, 2020 Order (*see* Dkt. 99).  In view of the fact that Plaintiff filed his opposition before the Court ruled on his Motion to Appoint Counsel and Motion to Extend, the Court will permit Plaintiff to file a supplemental opposition brief so Plaintiff can take those rulings into account.  Plaintiff's supplemental brief will be due on **August 28, 2020**, and Defendants' reply brief will now be due on **September 11, 2020**.

## V.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    Plaintiff's Second Motion Request for Modification of the Scheduling Order to Extend Discovery Time and Request for Hearing (Dkt. 85) is **DENIED**.

2.    Plaintiff's Second Motion Request for Modification of the Scheduling Order to Extend Discovery Time and Request for Hearing (Dkt. 100) is **DENIED**.

3.      Plaintiff's Motion to Appoint Counsel from the Federal Bar Association

(Dkt. 84) is **DENIED**.

4.      Plaintiff's Motion to Appoint Counsel from the Federal Bar Association

(Dkt. 102) is **DENIED**.

5.      Plaintiff's supplemental brief in opposition to Defendants' summary

judgment is due on **August 28, 2020**.

6.      Defendants' reply brief in support of their summary judgment motion is

due on **September 11, 2020**.

DATED: August 6, 2020                    *s/ Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge