UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradley W. Foster,

    Plaintiff,

v.

Mark Phinney, Badge No. 5250, St. Louis
County Deputy Sheriff, in an individual and
official capacity,

    Defendant.

Case No. 19-cv-260 (JNE/ECW)
ORDER

This matter is before the Court on a Report and Recommendation (R&R") dated January 20, 2021, by the Honorable Elizabeth Cowan Wright, United States Magistrate Judge. ECF No. 115. The R&R recommends that the Court grant Defendant Mark Phinney's Motion for Summary Judgment. ECF No. 88. Plaintiff objected to the R&R. ECF No. 116. Defendant Phinney did not respond to Plaintiff's objections.

Plaintiff makes two objections. First, Plaintiff argues that a provision of the St. Louis County Sheriff's Policy on Prisoner Handling and Restraints applies to the case at hand. The Policy provides specific instructions with respect to probate transports:

<u>Probate Transports</u>:

The following Minnesota Statutes shall be applied in transporting and handling individuals under probate commitment:

a. 252.06; Sheriff to Transport Persons with Mental Retardation: "It shall be the duty of the Sheriff of any county, upon request of the commissioner of human services, to take charge of and transport any person with mental retardation who has been committed by the probate court of any county to the care and custody of the commissioner of human services to such hospital as may be designated by the commissioner of human services."

1

> b. 253B.05 (Subd 2) Ref: Peace Officer 72 hour Hold: States in part: "A peace or health officer may take a person into custody and transport the person to a licensed physician or treatment facility if the officer has reason to believe that the person is mentally ill or mentally retarded, or chemically dependent or intoxicated and in imminent danger of injuring self or others if not immediately restrained."
>
> c. 253B.07 (Subd 6) Ref: Judicial Probate Commitments: States in part: "the court may order a peace officer to take a proposed patient into custody and transport to a treatment facility. The order of the court may be executed on any day and at any time, and by use of all necessary restraint upon the proposed patient."
>
> d. 253B.10 (Subd 2) Procedures for Commitment: States in part: "When a mentally ill or chemically dependent person is about to be placed in a treatment facility, the county may order the designated agency, the treatment facility, or any responsible adult to transport the patient to the treatment facility. Unless otherwise ordered by the court, a peace officer who provides the transportation shall not be in uniform and shall not use a vehicle visibly marked as a police vehicle. The proposed patient may be accompanied by one or more interested persons."
>
> e. 253.11 Ref: Mentally Ill or Chemically Dependent Persons NOT Charged with a Crime: States in part: "Except when ordered by the court pursuant to a finding of necessity to protect the life of the proposed patient or others, no person subject to the provisions of this chapter shall be confined in a jail or correctional institution."
>
> Use of Restraints on Probate patients:
> Transport Deputy(ies) shall assess the type, and amount of restraints to be used for each patient prior to transport. The Transport Deputy(ies) may contact the Medical Facility to ascertain what type of restraints, if any, are required. ECF No. 94-1 at 6-8.

Specifically, Plaintiff contends that the R&R erred in finding he was not a probate patient and thus not subject to the "Use of Restraints on Probate patients" provision of the Policy. Contrary to what Plaintiff asserts however, the R&R never found Plaintiff was not under probate jurisdiction. Instead, the R&R found that the Policy provision at issue "did

2

not apply to transports of committed persons in the MSOP *to or from court*." ECF No. 115 at 10 (emphasis added). Plaintiff provides no evidence to contradict Defendant Phinney's evidence that the "Use of Restraints on Probate patients" provision applies only to the kinds of transports specified in sections a-e of the provision. *See* ECF No. 113 ¶¶ 5-6. In other words, the "Use of Restraints on Probate patients" provision does not apply to all transport of those under probate jurisdiction; it applies only to the specific kinds of transport listed. Transport to or from court is not one of the kinds of transport listed.[1]

      Second, Plaintiff argues that the R&R improperly weighs the evidence in favor of the Defense, without considering Plaintiff's evidence. Yet, Plaintiff does not point to any specific evidence that the R&R failed to consider. For example, rather than providing evidence from the record, Plaintiff merely states, "In this case, the simplified facts are that Plaintiff charges he was unnecessarily physically injured by the defendants. *See Complaint, generally.*" ECF No. 116 at 3. Plaintiff's factual allegations do not create a genuine issue for trial. As Plaintiff himself points out, Plaintiff "must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "Mere allegations [such as those in a complaint], unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007).

---

[1] Even if the Policy provision were to apply to Plaintiff, Plaintiff does not explain how application of the Policy provision would affect the outcome of his claims.

Based on a de novo review of the record, the Court adopts the R&R and accepts the recommended disposition. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Therefore, IT IS ORDERED THAT:

1. Defendant Mark Phinney's Motion for Summary Judgement [ECF No. 88] is GRANTED.

2. Plaintiff's due process claims are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2021

                                                      s/ Joan N. Ericksen
                                                     JOAN N. ERICKSEN
                                                     United States District Judge